United States District Court
Southern District of Texas
**ENTERED**
January 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

JACOB KELLY,                          §
                                      §
         Plaintiff,                   §
                                      §
VS.                                   §    CIVIL ACTION NO. 6:25-CV-00077
                                      §
HINIJOSA, *et al.*,                   §
                                      §
         Defendants.                  §

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Jacob Kelly, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.

For purposes of screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and the reasons set forth below, the undersigned respectfully recommends that:

- Plaintiff's § 1983 claims against Defendants be **DISMISSED** with prejudice as frivolous and/or for failure to state a claim for relief;

- the district court should **DECLINE** to exercise supplemental jurisdiction over Plaintiff's state law claims of negligence to exercise supplemental jurisdiction over Plaintiff's state law claims of negligence, which should then be **DISMISSED** without prejudice;

- the dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g);[1] and

- the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

## I.    JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND

Plaintiff currently is confined as a pretrial detainee at the Victoria County Jail in Victoria, Texas.   In his Complaint, Plaintiff sues: (1) Officer Hinojosa; (2) Officer Guajardo; (3) Officer Gonzalez; and (4) the Victoria County Jail.  (D.E. 1, pp. 1, 3).  At the Court's direction, Plaintiff has filed a More Definite Statement to further explain his claims.[2]  (D.E. 11).

Plaintiff alleges the following in his Complaint and More Definite Statement. Plaintiff states that he is in custody at the Victoria County Jail on charges of capital murder and interference with a service animal.  (D.E. 11, p. 5).  According to Plaintiff, he has been in continuous custody at the Victoria County Jail since July 9, 2025.  *Id.*

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury.  *See* 28 U.S.C. § 1915(g).

[2] The docket sheet lists Plaintiff's current address as: Dewitt Co. Sheriff's Office, 208 E. Live Oak, Cuero, TX 77954.  In his More Definite Statement, however, Plaintiff indicates that he is currently confined at the ACDC. (D.E. 18, p. 2).

Plaintiff alleges that, on or around October 9, 2025, he fell and cracked his skull in Victoria County Jail cell 1039. (D.E. 1, p. 4). Plaintiff explains that, after regaining consciousness with Officer Martinez present, Plaintiff discovered his head, nose, and right ear were all bleeding. (D.E. 1, p. 4; D.E. 11, p. 1). Plaintiff alleges that:

- after waiting for an hour for the nurse, two officers took Plaintiff to a hospital emergency room;
- Plaintiff received four "stables" in his head and was the taken by ambulance to a hospital in San Antonio;
- Plaintiff was diagnosed with a cracked skull and brain injury following a CT scan.

(D.E. 1, p. 4; D.E. 11, p. 1).

According to Plaintiff, Officer Baylor placed Plaintiff in an observation cell when he returned to the Victoria County Jail on October 12, 2025, where he stayed for three weeks. (D.E. 1, p. 4; D.E. 11, p. 1). While in the observation cell, Plaintiff says, the gash in his head healed and he regained the ability to eat solid food. (D.E. 11, p. 1). Plaintiff states that his migraines and light sensitivity remained an issue. *Id.*

Plaintiff explains that, on October 26, 2025, Officer Baylor moved Plaintiff to segregation where he was assigned to a top bunk. (D.E. 1, p. 4; D.E. 11, p. 2). According to Plaintiff, he saw the neurologist on November 14, 2025. (D.E. 11, p. 3). Plaintiff states that the neurologist told him it was a bad idea for someone like him suffering a brain injury to be placed on the top bunk due to issues with climbing, sleeping, and potentially falling. *Id.* Plaintiff alleges further that:

- On October 17 and 18, 2025, he explained separately to Officer Hinojosa, Officer Guajardo, and Officer Gonzalez that he had suffered a brain injury

and that the neurologist wrote in Plaintiff's paperwork about him being moved to a bottom bunk;

- Officer Hinojosa responded to Plaintiff: "We can't move you";
- Officer Guajardo responded to Plaintiff: "We can't move you right now" but "I'll look into it";
- Officer Gonzalez responded: "No, not right now."

(D.E. 11, pp. 2-3).

Plaintiff acknowledges that: (1) he suffered no additional injuries while housed in segregation from October 26, 2025 to December 2, 2025 and assigned to the top bunk; and (2) he never fell from the top bunk during this time. (D.E. 11, p. 4). He was then moved to another cell on December 3, 2025 and assigned to a bottom bunk. *Id.* Plaintiff explains that, in connection with his fall on October 9, 2025, he still suffers re-occurring and more frequent migraines, light sensitivity, and worsening memory loss. *Id.* Plaintiff seeks money damages for pain, suffering, and negligence in the amount of $10 million. *Id.*

## III.    LAW AND ANALYSIS

### A.    Legal Standard for Screening of Plaintiff's Action

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v.*

*Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Pleadings filed by *pro se* litigants like Plaintiff are construed using a less stringent standard of review. Documents filed by *pro se* litigants are to be liberally construed, and *pro se* complaints, however inartfully drafted they might be, are held to less stringent standards than formal pleadings drafted by lawyers. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A plaintiff's well-pleaded factual allegations in the complaint are to be taken as true for purposes of screening, but such deference does not extend to conclusory allegations, unwarranted factual inferences, or legal conclusions. *DeMarco v. Davis*, 914 F.3d 383, 386-87 (5th Cir. 2019).

### B.   Analysis of Plaintiff's Claims

#### 1.   Claim against Victoria County Jail

Plaintiff lists the Victoria County Jail as a defendant in this case. This entity, however, is not capable of being sued. *Rogers v. Nueces County Jail*, No. C-07-410, 2007 WL 4367814, at *4 (S.D. Tex. Dec. 13, 2007) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991)). Accordingly, the undersigned respectfully recommends that Plaintiff's claims against the Victoria County Jail be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

#### 2.   Claims against Officers Hinojosa, Guajardo, and Gonzalez

Liberally construed, Plaintiff claims that Officers Hinojosa, Guajardo, and Gonzalez acted with deliberate indifference to Plaintiff's health by failing to move Plaintiff to a

bottom bunk despite having knowledge that: (1) he had a serious brain injury; and (2) a neurologist had recommended for Plaintiff to be moved to a bottom bunk.

The Fifth Circuit has held that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement." *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). "A pretrial detainee alleging acts or omissions condition of confinement claim under the Fourteenth Amendment must satisfy tests for both objective and subjective components of the claim; the same tests as a convicted inmate alleging an Eighth Amendment violation." *Matthews v. Lo*, Civ. No. 21-1862, 2022 WL 4545613, at *11 (E.D. La. Aug. 23, 2022), *adopted*, 2022 WL 4534723 (E.D. La. Sept. 27, 2022) (citing *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (for an inmate to demonstrate an Eighth Amendment claim based on prison conditions, the inmate must show a sufficiently serious deprivation, and must show that the relevant official or officials acted with deliberate indifference to inmate health or safety) and *Hare*, 74 F.3d at 643 ("Finding no constitutionally significant distinction between the rights of pretrial detainees and convicted inmates to basic human needs, ...we conclude that a state jail official's constitutional liability to pretrial detainees for episodic acts or omissions should be measured by a standard of deliberate indifference enunciated by the Supreme Court in [*Farmer v. Brennan*, 511 U.S. 825, 834 (1994)]")).

Under the objective component, the deprivation alleged must be "sufficiently serious," resulting in "a substantial risk of serious harm." *Farmer*, 511 U.S. at 832; *see also*

*Valentine v. Collier*, 993 F.3d 270, 281 (5th Cir. 2021) (under the objective prong of the test for deliberate indifference, the inmate must first prove "an objective exposure to a substantial risk of harm").  To prove the subjective prong of the deliberate indifference test, the inmate must establish that the prison official "had subjective knowledge that the inmate faced a substantial risk of harm [to the inmate's health and safety] and ... [consciously] disregarded the risk." *Valentine*, 993 F.3d at 281; *see also Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002).

"Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). The Fifth Circuit has "consistently recognized ... that 'deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.' " *Dyer v. Houston*, 964 F.3d 374, 381 (5th Cir. 2020) (quoting *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 458-59 (5th Cir. 2001)); *see also Aguirre v. City of San Antonio*, 995 F.3d 395, 420 (5th Cir. 2021) ("Negligence or even gross negligence is not enough: the officials must have actual knowledge of the substantial risk.").

Here, it is unnecessary to reach a conclusion requiring the Court to inquire further whether Officers Hinojosa, Guajardo, and Gonzalez acted with deliberate indifference to Plaintiff's health by failing to move him to a bottom bunk as requested.  The Court need not do so because Plaintiff has failed to allege any physical injury resulting directly from the actions of these three defendants.

Plaintiff seeks only monetary relief in the nature of compensatory damages for pain, suffering, and negligence. (D.E. 11, p. 4). Section 1997e(e) of Title 42, United States Code, provides in pertinent part that no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury. The Fifth Circuit has "consistently applied this rule and dismissed the constitutional claims of prisoners who do not allege any physical injury." *Jackson v. Boone*, Civ. No. 20-3393, 2022 WL 18276710, at *7 (E.D. La. Dec. 15, 2022), *adopted*, 2023 WL 172086 (E.D. La. Jan. 12, 2023). Section 1997e(e)'s prohibition also applies to pretrial detainees. *See Coomer v. Doe*, No. 5:21-CV-213, 2022 WL 19228834, at *8 (N.D. Tex. May 25, 2022), *adopted*, 2023 WL 2604804 (N.D. Tex. Mar. 22, 2023) (citing *Kingsley*, 576 U.S. at 402 (recognizing that PLRA "applies to both pretrial detainees and convicted prisoners").

To state another way, an inmate like Plaintiff seeking to state a deliberate indifference claim and requesting monetary damages must also establish a physical injury resulting from the acts of the jail officials named. *See Johnson v. Kempt*, No. 6:21cv426, 2022 WL 983674, at *3 (E.D. Tex. Feb. 14, 2022), *adopted*, 2022 WL 965403 (E.D. Tex. Mar. 30, 2022). Plaintiff fails to allege that he suffered any physical injury due to the actions of Officers Hinojosa, Guajardo, and Gonzalez in refusing to move him to a bottom bunk after being requested by Plaintiff to do so. Plaintiff acknowledges that, while assigned to a top bunk from October 26 through December 2, 2025, he neither fell off the top bunk nor otherwise suffered an additional or separate physical injury during the time

he was assigned to the top bunk.  (D.E. 12, p. 4).  All of the physical injuries reported by Plaintiff arose instead from his fall on October 9, 2025, to which Officers Hinojosa, Guajardo, and Gonzalez played no role.

Because Plaintiff suffered no physical injuries resulting from his placement in the top bunk from October 26 through December 2, 2026 and refusal by Officers Hinojosa, Guajardo, and Gonzalez to move him, Plaintiff is barred from seeking compensatory damages for his alleged pain, suffering, and negligence in connection with his § 1983 claims.[3]  *See Johnson*, 2022 WL 983674, at *3-4.  Accordingly, the undersigned recommends that Plaintiff's Fourteenth Amendment deliberate indifference claims against these defendants be dismissed with prejudice as frivolous and for failure to state a claim for relief.

### 3.  State Law Negligence Claim

Plaintiff initially frames his allegations in his Complaint as negligence claims, which are not actionable under § 1983.  *Turner v. Hernandez*, No. A-25-01566-RP, 2025 WL 3251726, at *1 (W.D. Tex. Oct. 27, 2025).  To the extent his negligence claims against Officers Hinojosa, Guajardo, and Gonzalez for refusing to move him to a bottom bunk are

---

[3] In the absence of alleging any physical injuries arising from the actions of Officers Hinojosa, Guajardo, and Gonzalez, the undersigned construes Plaintiff's request for monetary damages as seeking compensation for mental and emotional injuries only. *See Preston v. Smith*, No. 23-0324, 2023 WL 5346075, at *7 (W.D. La. Aug. 7, 2023), *adopted*, 2023 WL 5337430 (W.D. La. Aug. 18, 2023) (construing the inmate's request for relief as seeking compensatory damages in that he used the phrase "pain and suffering" as an allegation of "at best, mental or emotional injury unaccompanied by greater-than-de-minimis physical pain"); *Wright v. Waybourn*, No. 4:20-cv-1206-O, 2021 WL 5140929, at *5-6 n.1 (N.D. Tex. Nov. 4, 2021) (construing inmate's request for $20 million for "pain and suffering" as a request only for compensatory damages).  The "physical injury" provision of § 1997e(e) does not preclude claims for nominal or punitive damages. *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007). However, the undersigned does not construe Plaintiff's Complaint or More Definite Statement as seeking either nominal or punitive damages.

separate claims under Texas law, the undersigned recommends that the district court decline to exercise supplemental jurisdiction over such claims and that such claims be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3) (supplemental jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction").

## IV.    CONCLUSION

For the reasons stated above, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the undersigned respectfully recommends that:

- Plaintiff's § 1983 claims against Defendants be **DISMISSED** with prejudice as frivolous and/or for failure to state a claim for relief;

- the district court should **DECLINE** to exercise supplemental jurisdiction over Plaintiff's state law claims of negligence, which should then be **DISMISSED** without prejudice;

- the dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g); and

- the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully recommended on January 27, 2026.

Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).